## In re Anonymous No. 67 D.B. 86

Disciplinary Board Docket no. 67 D.B. 86.

To the Honorable Chief Justice and Justices of the Supreme Court of Pennsylvania:

SCHWARTZMAN, *Member,* January 22, 1988—Pursuant to Rule 208(d) Pa.R.D.E., the disciplinary board of the Supreme Court of Pennsylvania submits its findings and recommendations to your honorable court with respect to the above petition for discipline.

### HISTORY OF PROCEEDINGS

Respondent was suspended from the bar of the commonwealth by order of the Supreme Court of

Pennsylvania on October 9, 1986 pursuant to the provisions of Rule 214(d) Pa.R.D.E. The suspension order was entered following the conviction of respondent in the Superior Court of New Jersey, [    ] County, Law Division, of the offense of unlawful possession of a weapon in violation of N.J.S. 2C:39-5(b).

The matter was referred to the disciplinary board pursuant to Rule 214(f) Pa.R.D.E. and a petition for discipline was filed by petitioner on October 21, 1986. In addition to the weapons conviction petitioner alleged misconduct by respondent for failure to comply with Rule 214(a) Pa.R.D.E. requiring an attorney convicted of a crime punishable by imprisonment for one year or upward to report such conviction to the secretary of the board within 20 days of the date of sentencing. Petitioner averred that respondent's conduct was violative of DR 1-102(A)(1) which prohibits an attorney from violating a disciplinary rule; and DR 1-102(A)(6) which prohibits an attorney from engaging in other conduct which adversely reflects on fitness to practice law.

Respondent filed in the Supreme Court of Pennsylvania a petition for reconsideration and request for oral argument. The petition and request were denied so that the disciplinary proceedings continued as scheduled.

The matter was referred to hearing committee [    ] consisting of [    ]. The hearing committee filed its report on September 25, 1987. A per se ground for discipline under Rule 203 Pa.R.D.E. was found by the hearing committee. The hearing committee recommended that respondent be suspended for a period not to exceed three months and that the suspension should be retroactive to date of the suspension order. Respondent's failure to report his conviction was cited by the hearing committee as the

reason for recommending suspension rather than private reprimand or public censure.

One member of the hearing committee dissented, recommending a private reprimand rather than suspension.

## FINDINGS OF FACT

(1) Respondent was born on July 31, 1946 and was admitted to practice law in the Commonwealth of Pennsylvania in or about May 1985. By order of the Supreme Court of Pennsylvania dated October 9, 1986 he was suspended pursuant to Rule 214(d) Pa.R.D.E.

(2) On or about December 27, 1985, respondent was indicted by a grand jury in [ · ] County, New Jersey in the matter of *The State of New Jersey v. [Respondent],* Indictment no. [    ], 1985 Term.

(3) The indictment charged respondent with unlawful possession of a weapon (handgun) and possession of a controlled dangerous substance (cocaine). On April 9, 1986, respondent entered a plea of guilty to possession of a weapon without a permit to carry. Respondent's right to appeal the denial of pretrial intervention was reserved at the time of sentencing. Respondent's appeal is still pending.

(4) As a result of his guilty plea, on June 6, 1986 respondent was sentenced by the Honorable [A], Judge, Superior Court of New Jersey, to a period of six months probation and to pay a fine of $750 to the probation office within three months. Respondent was also required to pay $25 to the Victim of Crimes Compensation Board. The charge of unlawful possession of a controlled dangerous substance was dismissed.

(5) Subsequent to his sentencing, respondent's probationary period was reduced by Judge [A] from

six months to three months and was successfully concluded on or about September 5, 1986. Respondent has paid the fines and costs.

(6) Pursuant to Rule 214, Pa.R.D.E. the Office of Disciplinary Counsel notified the Supreme Court of respondent's conviction by letter dated July 18, 1986.

(7) On October 9, 1986 in accordance with Rule 214, Pa.R.D.E., the Supreme Court of Pennsylvania entered an order immediately suspending respondent and referring to the disciplinary board the conviction of respondent in the Superior Court of New Jersey, [ ] County, Law Division-Criminal, at Indictment no. [ ], 1985 Term, for the institution of formal proceedings before a hearing committee to determine the extent of final discipline to be imposed.

(8) Respondent failed to comply with Rule 214(a), Pa.R.D.E., which requires an attorney convicted of a crime punishable by imprisonment for one year or upward to report the fact of such conviction to the Secretary of the Board within 20 days of the date of sentencing.

(9) As part of his evidence in mitigation of discipline pursuant to §89.151 of the Disciplinary Board Rules, respondent submits the following:

(10) At the time of his arrest the New Jersey Police obtained a urine sample from respondent.

(11) The urine sample was sent to a laboratory for analysis to determine the presence of controlled dangerous substances (CDS) and the result was negative.

(12) At the time of arrest, the New Jersey State Police performed a breathalyzer test on respondent. The test revealed his blood alcohol percentage to be .00.

(13) The supplementary investigation report indicates that the [ ] New Jersey Police Department reported an incident involving a handgun at the [B] on the date and time that respondent was in the [B].

## DISCUSSION

The board has unanimously concluded that respondent's conviction of the weapons charge in conjunction with the failure to report that conviction to the secretary of the board within the prescribed time period warrants a three month suspension from the practice of law. In light of the fact that respondent has been suspended under Rule 214(d) Pa.R.D.E. for 15 months, the suspension should be made retroactive to October 9, 1986, the date of respondent's suspension under Rule 214(d). It is also noted that respondent's probationary period for the weapons charge was successfully concluded and that respondent paid the fines and costs assessed in relation to the weapons conviction.

## RECOMMENDATION

The disciplinary board recommends that respondent be suspended from the practice of law for a period not to exceed three months, retroactive to October 9, 1986, the date of respondent's suspension under Rule 214(d) Pa.R.D.E. The board further recommends that the court direct, pursuant to Rule 208(g)(1), that the necessary expenses incurred in the investigation and prosecution of these proceedings be paid by respondent.

Mr. Douglas did not participate in the adjudication.

## ORDER

Per curiam:

And now, this March 15, 1988, upon consideration of the report and recommendation of the disci-

plinary board dated January 22, 1988, it is hereby ordered that [Respondent] be and he is suspended from the bar of this commonwealth for a period of three months, retroactive to October 9, 1986, and he shall comply with all the provisions of Rule 217, Pa.R.D.E. It is further ordered that respondent shall pay costs to the disciplinary board pursuant to Rule 208(g), Pa.R.D.E.